[Civ. No. 1121.  First Appellate District.—February 4, 1913.]

## C. E. KINARD, Respondent v. JAMES W. WARD, Appellant.

MINING CORPORATION—RIGHT OF STOCKHOLDER TO VISIT MINE—REFUSAL OF PRESIDENT TO GIVE ORDER—PENALTY—PLEADING—DAMAGES.— Under section 589 of the Civil Code, a stockholder in a mining corporation has the right, at any time, to visit the mine, upon making a demand upon its president for an order to be issued by its secretary for that purpose, which order it is made his official duty to grant. In case of the president's refusal to comply with the demand, the stockholder has a right of action against the president, under section 590 of that code, to recover the statutory penalty, upon pleading the facts entitling him thereto, and is not required to allege any specific damage.

ID.—FORM OF ORDER PERMITTING VISIT—DIRECTIONS TO THOSE IN CHARGE OF MINING PROPERTY.—The fact that the demand was made for an order by the secretary directing "those in charge of the mining property," rather than the "superintendent," to permit the visit, did not destroy the effect of the demand, notwithstanding the statute requires the order to be directed to the "superintendent."

ID.—NEITHER DEMAND NOR ORDER BY PRESIDENT NEED BE IN WRITING— EXCESSIVE DEMAND BY STOCKHOLDER.—The statute does not require either that the application for the order, or the order from the president to the secretary, shall be in writing, or that either shall measure up to any fixed standard of sufficiency.  If the demand is otherwise sufficient, the mere fact that it requests the president to embody in the order to be issued by the secretary certain matters that it was not his duty to grant, does not justify the president in refusing the demand.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Crittenden Thornton, and Nowlin & Fassett, for Appellant.

James H. Boyer, and C. E. Kinard, *in pro. per.,* for Respondent.

MURPHEY, J., *pro tem.*—Appeal from the judgment on the judgment-roll alone.

The action was prosecuted under sections 589 and 590 of the Civil Code. These sections, in so far as they relate to the subject matter of this litigation, are as follows:

Sec. 589. "Any stockholder of a corporation formed under the laws of this state for the purpose of mining, is entitled to visit, accompanied by his expert, and examine the mine or mines owned by such corporation, and every part thereof, at any time he may see fit; and when such stockholder applies to the president of such corporation, he must immediately cause the secretary thereof to issue and deliver to such applicant an order, under the seal of the corporation, directed to the superintendent, commanding him to show and exhibit such parts of said mine or mines as the party named in said order may desire to visit and examine."

Sec. 590. "In case of the refusal or neglect of the president to cause to be issued by the secretary the order mentioned in section five hundred and eighty-nine, such stockholder is entitled to recover against said president the sum of one thousand dollars and costs, as provided in the last section."

Defendant questions the sufficiency of the complaint on the ground that it contains no specific allegation of damage. The failure and refusal of the defendant to comply with the statutory requirements above set out is aptly pleaded. The prayer asks for the one thousand dollars' penalty named in the statute. This is manifestly sufficient. No case has been called to our attention wherein the exact point has been discussed for the reason, in all probability, that the point is so evidently untenable that it has not heretofore been called to the attention of the appellate tribunal.

Plaintiff as a stockholder made formal written demand upon the defendant, as president of the Socrates Consolidated Mining Company, for an order on the secretary, requiring him to issue the necessary permit and order on "those in charge of the mining property of the Socrates Consolidated Mining Company," to permit him to visit and examine the mines and mining claims, etc. Defendant contends that the use of the words "those in charge" rather than the word "superintendent" as used in the statute, is fatally defective. To sustain this extremely technical contention would be to make the statute a plaything in the hands of designing officials of mining corporations. A complete evasion of the statute

could be effected by substituting some other title such as "manager" or "foreman" for that of superintendent as applied to the chief executive officer in charge of the property or works of a corporation. The superintendent is, as a matter of definition according to standard authority, the person or officer "in charge."

Complaint is also made that the written form of order submitted with the application directed the secretary to issue an order or permit for "visiting and examining the mining property and its affairs" was improper and beyond anything contemplated by the statute. The answer to this is that no such form of order was required, and that the president could with propriety have ignored this form and granted the application in any verbiage satisfactory to himself that would have accomplished its purpose. There is nothing in the statute requiring either that the application for the order, or the order from the president to the secretary, shall be in writing, or that either shall measure up to any fixed standard of sufficiency. We are entirely satisfied that the application in this case was sufficient, and that the president's refusal to comply therewith subjected him to the penalty prescribed by the statute.

No other points are made for a reversal. The findings are responsive to all the issues raised, and fully support the judgment.

The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.